IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA GLENN,

        Plaintiff,

vs.

Case No. 06-1277-JTM

LINDA S. McMAHON, ACTING
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

    Plaintiff Melissa Glenn sought disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Title II of the Social Security Act, 42 U.S.C. § § 401 and 1381. Glenn alleges that she was disabled on May 28, 2000 at age 24.

    Defendant filed a motion for an order reversing the decision of the Administrative Law Judge ("ALJ") and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The plaintiff does not oppose the remand. The court hereby reverses the decision of the Commissioner and remands the matter for further consideration by the ALJ.

    Having reviewed the record, the court cannot state that additional fact finding would serve no useful purpose. *Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003). Although the resulting delay in reaching the ultimate resolution of Glenn's claim is unfortunate, the court cannot find that this alone would justify denying the motion for remand. There remain substantial errors in the ALJ's opinion which must be redressed, and these errors cannot justify an award of benefits.

On remand, the ALJ must reevaluate the medical opinions, re-contact medical sources for missing treatment notes and/or for needed clarification, if necessary, and indicate what weight is given to each opinion in accordance with 20 C.F.R. § § 404.1527 and 416.927; *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); Social Security Regulation (SSR) 06-SSR 96-2p, *Giving Controlling Weight to Treating Source Medical Opinions,* 61 Fed. Reg. 34490 (July 2, 1996); and SSR 06-03p, *Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources*," 72 Fed. Reg. 45593 (Aug. 9, 2006).  Additionally, the ALJ will obtain a consultative psychiatric examination and input from a medical expert in the field of mental health.

Additionally, the ALJ must reevaluate plaintiff's credibility and evaluate the credibility of plaintiff's mother and plaintiff's case manager in accordance with *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and 20 C.F.R. § § 404.1529 and 416.929.  Further, the ALJ must consider whether plaintiff's mental illness and/or lack of finances were justifiable causes for her failure to seek medical treatment or follow prescribed treatment.

Finally, the ALJ must reevaluate plaintiff's residual functional capacity ("RFC") indicating what limitations are imposed by her impairments and then must obtain additional vocational expert testimony.

IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that defendant's motion to reverse and remand (Dkt. No. 12) is granted, and that the clerk is accordingly directed to enter a final judgment pursuant to Fed. R. Civ. Pro. 58 reflecting this finding.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE